NATIONAL CASUALTY INSURANCE COMPANY *v.*
CARL J. STELLA
(10122)

DUPONT, C. J., DALY and FOTI, Js.

Argued November 5, 1991—decision released January 28, 1992

*Thomas E. Stevens,* for the appellant (plaintiff).

*Peter J. Zagorsky,* for the appellee (defendant).

DALY, J. The plaintiff insurance company appeals from the trial court's judgment declaring that it had a duty to indemnify the defendant, Carl J. Stella, against the tort claim of a third party. The plaintiff asserts that the trial court improperly found a waiver of its right to deny coverage for the defendant. We affirm the judgment of the trial court.

The following facts were found by the trial court. On or about January 19, 1986, the plaintiff issued a

manufacturers and contractors liability policy to the defendant. It was a one year policy effective from January 19, 1986, to January 19, 1987. By its terms, the policy covered only claims arising out of the defendant's siding installation business. The defendant admitted that he had not read the policy.

On or about August 27, 1986, the defendant was excavating property owned by a third party. The excavation work was done in connection with the installation of a swimming pool that was to be built by a contractor other than the defendant. The owner of the property where the defendant was excavating was injured while loading equipment onto the defendant's trailer. The owner instituted an action against the defendant. The defendant properly notified the plaintiff about the pending litigation arising from the injury to the property owner.

In a letter dated May 8, 1987, the plaintiff initially warned the defendant that "coverage may not be afforded." A representative of the plaintiff later telephoned the defendant advising him, however, that this claim was in fact covered by the policy. In a letter dated July 9, 1987, the plaintiff again stated that the policy covered the claim against the defendant. The plaintiff's letter also requested payment of the $250 deductible required by the terms of the defendant's policy with the plaintiff because it had already spent $307.81 while handling the claim. The defendant paid the $250 requested by the plaintiff. Then on November 23, 1987, the plaintiff informed the defendant by letter that the claim by the property owner was not covered under this policy and that he was entitled to the return of his $250 deductible. The plaintiff secured counsel to represent the defendant, but the defendant did not know that the plaintiff reserved its rights against the defendant. On January 10, 1991, the plaintiff warned the defendant that the claim by the property owner was

greater than $15,000, the policy limit. The letter advised the defendant that because he would be personally liable for any amount greater than $15,000, he should retain other counsel. The defendant testified that on the basis of the plaintiff's conduct he thought that it would defend and indemnify him against the claim by the property owner.

The only issue presented in this appeal is whether the trial court properly concluded that the plaintiff waived its right to disclaim coverage.

Waiver involves the "intentional relinquishment of a known right." *Jenkins* v. *Indemnity Ins. Co.,* 152 Conn. 249, 257, 205 A.2d 780 (1964). There cannot be a finding of waiver unless the party has "both knowledge of the existence of the right and intention to relinquish it." *Breen* v. *Aetna Casualty & Surety Co.,* 153 Conn. 633, 645, 220 A.2d 254 (1966). Waiver can be either express or may consist of acts or conduct " 'from which waiver may be implied.' " *Andover* v. *Hartford Accident & Indemnity Co.,* 153 Conn. 439, 445, 217 A.2d 60 (1966). "An insurer waives its right to disclaim based upon a breach of a policy condition if it has knowledge of the facts giving rise to the disclaimer, but elects to continue its defense." *National Union Fire Ins. Co.* v. *Mastroni,* 754 F. Sup. 269, 272 (D. Conn. 1990), citing *Arton* v. *Liberty Mutual Ins. Co.,* 163 Conn. 127, 302 A.2d 284 (1972). Whether the plaintiff's conduct constituted a waiver was a question of fact. This court, therefore, will uphold the trial court's decision unless we find that it was clearly erroneous. *Hanover Ins. Co.* v. *Fireman's Fund Ins. Co.,* 217 Conn. 340, 350, 586 A.2d 567 (1991).

The defendant seasonably notified the plaintiff of the claim by the property owner. The defendant's notice to the plaintiff stated that the claim arose during an excavation job and not while the defendant was

engaged in his siding business. The defendant had knowledge of its right to disclaim coverage because the policy did not cover claims unrelated to the defendant's siding business. The plaintiff in its initial contact with the defendant stated that the claim may not be covered by this policy. Then, on July 9, 1987, almost one year after the date of the accident, the plaintiff instructed the defendant to send a payment of $250 to cover the deductible because it was going to handle the defendant's claim. The plaintiff's subsequent actions established an implied waiver of its right to disclaim. Its letter indicating that in fact the claim against the defendant was covered by the policy and its request and acceptance of the $250 deductible established its intention to release its right to disclaim coverage and its decision to go forward with the defense of the claim.

Our Supreme Court in *Jenkins* v. *Indemnity Ins. Co.*, supra, 258, found a waiver of an insurance company's right to disclaim coverage where the company originally acknowledged that the policy covered the claim and also investigated the claim. In that case, a husband and wife from New York were involved in a car accident while traveling in Connecticut. The wife sued the husband in Connecticut and obtained a judgment against him. At the time of the accident, a New York statute excluded coverage of interspousal claims from automobile insurance policies. The insurance company was aware that this law would possibly allow it to disclaim coverage. Approximately two months after it acknowledged coverage, the company sought to disclaim coverage on the basis of the New York statute. The court found that the insurance company had sufficient knowledge to conclude that the New York statute would apply to an accident in Connecticut involving New York residents and thereby waived its right to invoke the protection of the New York statute when it acknowledged coverage of the wife's claim.

In the present case, the plaintiff knew of the circumstances surrounding the claim against the defendant, yet acknowledged coverage and sought compensation for expenses incurred in handling the claim. The plaintiff's subsequent letter of November 23, 1987, which sought to disclaim liability, did not terminate its earlier waiver of its right to disclaim coverage. See id., 258–59.

On the basis of our review of the evidence, we conclude that the trial court's decision was not clearly erroneous. Therefore, we will not disturb the trial court's findings.

The judgment is affirmed.

In this opinion the other judges concurred.