CITICORP MORTGAGE, INC. v. RICHARD M. TARRO
(13210)

DUPONT, C. J., and LAVERY and SCHALLER, Js.

Argued September 29, 1994—decision released February 28, 1995

*Richard P. Weinstein,* with whom, on the brief, was *Peter B. Rustin,* for the appellant (defendant).

*Irene P. Romanelli,* for the appellee (plaintiff).

LAVERY, J. The defendant appeals from the trial court's granting of a judgment of strict foreclosure on January 10, 1994. The defendant raises two issues on appeal: (1) whether the trial court improperly granted the plaintiff's motion for strict foreclosure where the case had been dismissed and the plaintiff had filed a motion to reopen the judgment of dismissal more than four months from the date the case was dismissed; and (2) whether the court improperly denied the defendant's motion to open the judgment of strict foreclosure where the denial was based on a finding that the defendant had waived his claim that the court lacked jurisdiction. We agree with the defendant and reverse the judgment of the trial court.

The essential facts are as follows. The plaintiff commenced a foreclosure action against the defendant on July 6, 1990, with a return date of August 14, 1990, to foreclose a mortgage in the amount of $209,500.

The action was dismissed pursuant to Practice Book § 251 on December 6, 1991. The plaintiff failed to file a motion to open the judgment of dismissal until April 9, 1992, more than four months from the entry of judgment of dismissal, and in contravention of General Statutes § 52-212a and Practice Book § 326. Between December 6, 1991, the date of dismissal, and April 9, 1992, the date of the filing of the motion to open the dismissal, neither the plaintiff nor the defendant filed

any pleadings with the court. The matter remained dormant until April 9, 1992, when the plaintiff filed its motion to open the judgment, which was granted, over the objections of the defendant, on June 8, 1992.

Subsequent to the granting of the motion, the defendant filed an answer and special defense dated November 16, 1992. On November 16, 1992, the court rendered a judgment of strict foreclosure. On December 14, 1992, the defendant filed a motion to open the judgment of strict foreclosure on the ground of factual misrepresentations. The motion to open was granted in open court on December 28, 1992. A judgment of foreclosure was reentered by the court on July 19, 1993.

On August 4, 1993, the defendant filed a motion to reopen the judgment of foreclosure. This motion was based, inter alia, on the fact that the trial court had set aside the judgment of dismissal and opened the case even though the motion to open that judgment was filed more than four months from the dismissal. On November 18, 1993, the trial court issued its memorandum of decision on the defendant's motion to reopen the judgment of strict foreclosure. In the decision, the trial court concluded that the defendant had waived the four month limitation set forth in § 52-212a. Subsequently, the trial court rendered a judgment of strict foreclosure on or about January 10, 1994. This appeal followed.

A trial court's ability to open a judgment is circumscribed by § 52-212a and Practice Book § 326, which contain virtually identical provisions. Section 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . . The parties may waive the pro-

visions of this section or otherwise submit to the jurisdiction of the court . . . ."

It is well recognized that where a motion to open a judgment is filed more than four months from the date of the judgment, the trial court lacks jurisdiction to open the judgment. *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 558, 468 A.2d 1230 (1993); *Celanese Fiber* v. *Pic Yarns, Inc.,* 184 Conn. 461, 465–66, 440 A.2d 159 (1981). In *Celanese Fiber,* our Supreme Court held that a trial court "lacked jurisdiction to open the judgment unless the 'otherwise provided by law' exception applies." *Celanese Fiber* v. *Pic Yarns, Inc.,* supra, 465. Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered. *Van Mecklenburg* v. *Pan American World Airways, Inc.,* 196 Conn. 517, 518, 494 A.2d 549 (1985); *Gallagher* v. *Gallagher,* 29 Conn. App. 482, 483, 616 A.2d 281 (1992). Moreover, it has long been held that "[i]t is necessary to the validity of the judgment 'that the court should have had jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant.' " *Hanson* v. *Commissioner of Transportation,* 176 Conn. 391, 401, 408 A.2d 8 (1979).

There are few exceptions to the general rule. The court does have jurisdiction to open a stipulated judgment, on a motion, even after the four month period has elapsed if the movant can show that the judgment was obtained by fraud, duress, accident or mistake. *Solomon* v. *Keiser,* 22 Conn. App. 424, 577 A.2d 1103 (1990). Accordingly, Practice Book § 326 does not prevent the later reopening of a judgment obtained by fraud, by mutual mistake or by actual absence of consent. *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980). In the case at hand, the trial court did

not base its decision to open the judgment of dismissal because of fraud, duress, accident, mistake or absence of consent.

In this case, therefore, the trial court had jurisdiction to open the judgment only during the four months following the date of judgment, unless there is a waiver as provided in the statute.

The waiver exception to § 52-212a provides that "[t]he parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court . . . ." The standards for waiver are well established in Connecticut; waiver involves "the intentional relinquishment of a known right." *Jenkins* v. *Indemnity Ins. Co.*, 152 Conn. 249, 257, 205 A.2d 780 (1964). There cannot be a finding of waiver unless the party has " 'both knowledge of the existence of the right and intention to relinquish it.' " *Breen* v. *Aetna Casualty & Surety Co.*, 153 Conn. 633, 645, 220 A.2d 254 (1966); accord *National Casualty Ins. Co.* v. *Stella*, 26 Conn. App. 462, 464, 601 A.2d 557 (1992). Moreover, a party claiming waiver has the burden of proving it. *Clearly* v. *Zoning Board*, 153 Conn. 513, 518, 218 A.2d 523 (1966).

The waiver found by the trial court fails to meet these standards. Neither the plaintiff nor the trial court cites to any explicit waiver by the defendant. Moreover, the defendant objected to the motion to open the judgment of dismissal. Thus, there was no knowing, voluntary and intelligent waiver of the four month period as of the date that the trial court granted the motion to open.

The trial court improperly concluded that the defendant's filing of subsequent pleadings was a waiver. The mere fact that the parties filed pleadings after June 8, 1992, does not indicate a waiver of the four month restriction. In its decision, the trial court focused on the time period following June 8, 1992, and determined that pleadings had been filed after the motion to open

had been granted. Instead, it should have inquired as to whether, before June 8, 1992, the defendant gave any indication that he intended to waive the four month period. There is no dispute that between December, 1991, when the action was dismissed, and June 8, 1992, the defendant filed no pleadings that would suggest that he in any way waived the four month period. Thus, as of June 8, 1992, there was no indication that the defendant waived the four month period as set forth by § 52-212a.

The defendant's filing of pleadings after the judgment of dismissal did not waive the four month period of § 52-212a. Any subsequent pleadings by the defendant could not logically have constituted a waiver. Rather, those pleadings were no more than a necessary attempt to defend his interests in this litigation. The defendant had no choice but to file requisite pleadings and motions after the June 8, 1992 opening of the judgment. At that time, the court's decision became the law of the case. Had the defendant filed nothing once the case was opened, he would have risked the sanction of default. Thus, the trial court's determination that the filing of pleadings after June 8, 1992, constituted a waiver would put a defendant in an untenable position. This predicament hardly constitutes the intentional relinquishment or abandonment of a known right or privilege, which is the cornerstone of a claim of waiver. See *State* v. *Ramos*, 201 Conn. 598, 603, 519 A.2d 9 (1986), citing *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938).

Furthermore, the June 8, 1992 decision was not an appealable final judgment. Because a trial court's decision granting a motion to open a judgment fails to meet the well established test for determining the finality and appealability of judgments, the June 8, 1992 decision was not a final judgment. Under this test, the court will determine whether "the rights of a party are con-

cluded by the order" and "whether the order terminates a separate and distinct proceeding." *Metropolitan District* v. *Housing Authority*, 12 Conn.App. 499, 502, 531 A.2d 194 (1987), citing *Gores* v. *Rosenthal*, 148 Conn. 218, 221, 169 A.2d 639 (1961); *Dewart* v. *Northeastern Gas Transmission Co.*, 139 Conn. 512, 514, 95 A.2d 381 (1953). An application of the test for finality of judgments to the present case indicates that it is clear that the June 8, 1992 decision would not have been appealable. The rights of the parties were not concluded by that order. Rather, the June 8, 1992 opening of the judgment of dismissal merely allowed for further proceedings in this case. Because the June 8, 1992 decision would not have been appealable, the defendant was left with little choice but to file pleadings and to defend the action.

The judgment is reversed and the case is remanded with direction to render a judgment of dismissal.

In this opinion the other judges concurred.