[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 17, 1995, the plaintiff, Sidney J. Holbrook, Commissioner of Environmental Protection (Commissioner), brought an action against the defendant, Pasquale Camputaro, d/b/a American Sand Gravel (Camputaro). In his Amended Compliant filed on July 25, 1995, he alleges that Camputaro is illegally operating an asphalt plant without a permit in violation of RCSA § 22a-174-3. He further alleges that Camputaro has failed to install hoods, fans and filters to vent dust as required pursuant to RCSA § 27a-174-18 (b)(1) and to conduct safety tests in violation of RCSA § 22a-174-9 (b). He prays for injunctive relief in order to ensure Camputaro's compliance with the relevant statutes and regulations which regulate asphalt plants as well as order per diem civil penalties for the above violations.
On August 10, 1995, Camputaro filed an Answer raising the special defenses of waiver and equitable estoppel. Camputaro also claims that the asphalt facility was constructed and operational prior to the effective dates of the statutes relied on by the Commissioner. As a result, Camputaro argues that the facility is operating lawfully under applicable state and federal law.
On September 21, 1995, the Commissioner filed a Motion to Strike Camputaro's special defenses on the grounds that they are insufficient as a matter of law.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof."Bouchard v. People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1
(1991). "In ruling on a motion to strike, the court is limited to the facts alleged in the (special defense)." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992) "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegation would support a defense or a cause of action, the motion to strike must fail."Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). CT Page 1603 "[T]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate nonetheless that the plaintiff had no cause of action." Ohler v.Ohler, Superior Court, Judicial District of Litchfield, Docket No. 059325 (February 3, 1993, Dranginis, J.). Thus, if the facts provable "under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff's allegations, that the plaintiff has no cause of action, then the motion to strike must fail." Id.
SUFFICIENCY OF PLEADINGS TO SUPPORT A SPECIAL DEFENSE OF WAIVER
"Waiver can be express or may consist of acts or conduct from which a waiver may be implied. . . . Waiver may be implied from acts or conduct if it is reasonable to do so." B B Corp. v.Lafayette American Bank Trust, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 309876 (May 20, 1994, Fuller, J.), citing National Casualty Insurance Co. v.Stella, 26 Conn. App. 462, 464, 601 A.2d 557 (1992) and WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 252, 618 A.2d 506
(1992).
In his Revised Answer, Camputaro alleges, "[The Commissioner] authorized certain of his employees to act as his authorized agents . . . The agents of [the plaintiff] accepted the authority to act as agents of the Commissioner . . . There was an understanding between the Commissioner and his agents that the Commissioner would be in control of the agents' actions undertaken within the Commissioner's grant of authority . . . Acting under the authority granted to them, the agents of the Commissioner induced the Defendant to believe that the operation of the aforementioned asphalt facility was in compliance with all applicable permit requirements under state and federal law." Revised Answer, p. 4.
Plaintiff argues that "as a matter of law, no employee of the DEP could have authority to waive the requirement that defendants obtain a permit. Without that authority, no waiver is possible." Memorandum in Support, p. 2.
"The conclusion that a party has waived a right is one of factfor the trier and not one which can be drawn by the court,
unless, on the subordinate facts found, such a conclusion is required as a matter of law." (Emphasis added.) Harlach v.CT Page 1604Metropolitan Property Liability Ins., 221 Conn. 185, 193,602 A.2d 1007 (1992).
Assuming arguendo that neither plaintiff nor his agents have the right to waive statutory requirements, this argument standing alone does not defeat Camputaro's allegation that "agents of the Commissioner through their actions and omissions waived any DEP permit requirements." The fact that the Commissioner or his agents did not have the authority to waive statutory requirements does not necessarily mean that they did not attempt to do so or behave in a manner that would have led a reasonable person to believe that they had the authority to do so.
While "a party claiming waiver has the burden of proving it,"Citicorp Mortgage, Inc. v. Tarro, 37 Conn. App. 56, 60,654 A.2d 1238 (1995); "[w]here the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion [to strike] should be denied."Liljedahl Brothers Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "In reviewing a granting of a motion to strike, we take the facts alleged in the [pleading] and construe the [pleading] in the manner most favorable to the plaintiff. This includes the facts necessarily implied and fairly provable under the allegations. It does not include, however, the legal conclusions or opinions stated in the [pleading]. If facts provable in the [pleading] would support a [defense], the motion to strike must be denied." S.M.S. Textile v. Brown, 32 Conn. App. 786,790, 631 A.2d 340 (1993).
The court cannot grant the plaintiff s motion to strike the special defense "because the parties, through their pleadings, have not provided the court enough information to decide whether the defendant's [claim] is valid." Menge v. Cafero, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 128522 (January 9, 1995, Karazin, J.). It is unclear from the submissions of both parties whether or not the Commissioner or one of his agents did attempt to waive the statutory requirements.
Accordingly, Camputaro's special defense provides sufficient information to defeat plaintiff's motion to strike.[1]
SUFFICIENCY OF PLEADINGS TO SUPPORT A SPECIAL DEFENSE OF ESTOPPEL
CT Page 1605
"This court, while recognizing the analytic distinction between express waiver and estoppel, has held that `implied waivers and estoppels by conduct are so similar that they are nearly indistinguishable.'" O'Hara v. State, 218 Conn. 628, 641,590 A.2d 948 (1991). In Novella v. Hartford Accident andIndemnity Co., 163 Conn. 552, 316 A.2d 394 (1972), the court held, "a waiver implied by law from the defendant s conduct on principles of equity, [is] a type which might be characterized as being somewhat similar to estoppel . . . When the term waiver is used, however, the elements of an estoppel almost invariably appear, and it is quite apparent that it is employed to designate, not a pure waiver but one which has come into an existence of effectiveness through the application of the principles underlying estoppel." (Citations omitted; internal quotation marks omitted.) Id., 563-64. "If conduct or action on the part of the [defendant] is responsible for the [plaintiff's] failure to comply in time with the conditions precedent . . . injustice is avoided and adequate relief assured without doing violence to the plain language used by the legislature, by resort to traditional principles of waiver and estoppel." Boyce v.Allstate Insurance Co., Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 374599 (January 4, 1994, Corradino, J., 9 CSCR 90).
In Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681,590 A.2d 957 (1991), the court outlined two elements which must be demonstrated in order to assert an implied waiver or estoppel claim, "[u]nder Connecticut law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury . . . It is the burden of the party asserting a claim of estoppel to establish the existence of the elements essential to estoppel . . . and whether that burden has been satisfied in aparticular case is an issue of fact." (Citations omitted; emphasis added; internal quotations omitted.) Id., 699. In addition to the above, the court must conclude, "[f]or estoppel to exist, there must be misleading conduct resulting in prejudice to the other party." Lunn v. Tokeneke Association, Inc.,227 Conn. 601, 607, 630 A.2d 1335 (1993). "In the absence of prejudice, estoppel does not exist." Spear-Newman, Inc. v. ModernFloors Corporation, 149 Conn. 88, 91, 175 A.2d 565 (1961). CT Page 1606
Camputaro alleges "that agents of the Commissioner induced [him] to believe that the operation of the aforementioned asphalt facility was in compliance with all applicable permit requirements under state and federal law . . . Special circumstances, including the evidentiary prejudice shouldered by the Defendant, make it highly inequitable or oppressive not to estop the agency . . . The Defendant would be subjected to substantial loss if the Commissioner were permitted to negate the acts of its agents, including the loss of his business." Amended Answer, p. 4-5.
Camputaro' special defenses meets the Middlesex requirements as he asserts that the Commissioner or one of his agents induced him to believe that his facility complied with statutory requirements and that he has suffered damages as a result of his reliance on these assurances.
As Camputaro has plead sufficient facts to establish a special defense of waiver, in the court's opinion he has also plead sufficient facts to establish a special defense of estoppel.
SPEARING MOTIONS
"In ruling on a motion to strike, the court is limited to the facts alleged in the [contested pleading]. The court must construe the facts in the complaint most favorably to the [non-moving party]." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). A motion to strike that imparts facts outside the pleadings is a "speaking motion to strike" and will not be granted. . . . Since the court may not consider facts outside of the pleadings, the court may not judicially notice the other pending action." Norwalk Savings Society v.Krondes, Superior Court, Judicial District of Fairfield, Docket No. 277459 (January 9, 1995, Levin, J.)
The Commissioner argues that statements made by Camputaro at oral argument contradicted his special defense that his facility was operational prior to the effective dates of the statutes and should be considered by this court in deciding this motion to strike.
However, the law in Connecticut is clear regarding speaking motions. The purpose of a motion to strike however, is to determine the sufficiency of the attacked pleading, and "[t]he CT Page 1607 trial court may not seek beyond the [pleading] for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 283,449 A.2d 986 (1982). Examining only the challenged [pleading], the plaintiff has a legally sufficient cause of action." WNN Corp. v.Lewis, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 141529 (July 3, 1995, Karazin, J.). See alsoTilo Co. v. Fishman, 164 Conn. 212, 319 A.2d 409 (1972).
Oral statements made at a hearing should not be considered by the court as they are not a part of the contested pleading before the court. "The fact that statements in a pleading may be made before discovery at a time when the plaintiff is uncertain as to the truth is a circumstance that may be explained to the trier when the superseded pleading is admitted." Dreier v. Upjohn Co.,196 Conn. 242, 247, 492 A.2d 164 (1985). Camputaro should have the opportunity to "explain the admissions in the superseded pleading." Id., fn. 1.
The plaintiff's motion to strike is denied.
Hale, Judge Referee