[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the present case, this court rendered judgment on October 14, 1997, and the parties were notified on October 16, 1997.
Toshiba moved to open judgment October 31, 1997, for purposes of adding interest of $216,631.58 on the first count and $248,551.91 interest on the second count, in accordance with paragraph 16 of the contract (see Exh. G, back of page).
"A trial court's ability to open a judgment is circumscribed by [General Statutes] § 52-212a and Practice Book § 326, which contain virtually identical provisions." Citicorp Mortgage.Inc. v. Tarro, 37 Conn. App. 56, 58, 654 A.2d 1238 (1995). Practice Book § 326 provides in relevant part, "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent." See also General Statutes § 52-212a. "Courts have an inherent power to open, correct and modify judgments." (Internal quotation marks omitted). Steve Viglione Sheet Metal Co. v. Sakonchick,190 Conn. 707, 710, 462 A.2d 1037 (1983). The "trial court possesses the inherent power to modify its own judgments during the term at which they were rendered." (Internal quotation marks omitted).Bower v. D'Onfro, 45 Conn. App. 543, 548, 696 A.2d 1285 (1997). CT Page 13421
The plaintiff has timely moved to reopen the judgment.
Toshiba argues that the contract provided for the payment of interest as a late penalty fee; and therefore, the court should award the requested interest. In relevant part, the contract between the parties states: "16. LATE CHARGE: All invoices paid after due date will be assessed a late payment charge of the lesser of 1 1/2% per month or the maximum rate permitted under applicable law." (Plaintiff's Memorandum in Support, Exhibit 1).
Toshiba computes the amount of interest due as follows: "With respect to the first breach of contract count, plaintiff is entitled to recover interest on the principal sum of $176,600 at a rate of 1.5% compounded monthly, or its equivalent of 18% compounded yearly, beginning 30 days after the due date of the principal sum. The principal sum was due on December 16, 1992, therefore the interest would begin accruing on January 16, 1993. Accruing the interest at 18% compounded yearly through the date of the October 14, 1997 Memorandum of Decision, the defendants are liable to plaintiff for $216,631.58 in accrued interest on the first breach of contract count." (Plaintiff's Memorandum in Support, pp. 2-3 .) (See Plaintiff's Exh. 1, 12/15/97)
"In terms of the second breach of contract count, plaintiff is entitled to recover interest on the principal sum of $287,958.63 at a rate of 18% compounded yearly, beginning 30 days after the due date of the principal sum. The principal sum was due on July 7, 1993, therefore the interest would begin accruing on August 8, 1993. Accruing the interest at 18% compounded yearly through the date of the October 14, 1997 Memorandum of Decision, the defendants are liable to plaintiff for $248,551.91 in accrued interest on the second breach of contract count." (Plaintiff's Memorandum in Support, p. 3). (See Plaintiff's Exh. 2, 12/15/97)
"Interest by our law is allowed on the ground of some contract express or implied to pay it, or as damage for the breach of some contract. . . ." (Internal quotation marks omitted).Ruscito v. F-Dyne Electronics Co., 177 Conn. 149, 163,411 A.2d 1371 (1979); Wight v. Lee, 101 Conn. 401, 404, 126 A.2d 218
(1924); Patron v. Konover, 35 Conn. App. 504, 518, 646 A.2d 901
(1994; Emlee Equip. Leasing v. Waterbury Transmission,31 Conn. App. 455, 469, 626 A.2d 307 (1993). "Whether interest is a proper element of damages is primarily an equitable determination and is a matter which lies within the discretion of the trial CT Page 13422 court. . . . Where, on the other hand, the parties have expressly contracted for the payment of interest, the court does not have this latitude. Where the payment of interest is contractually agreed upon, interest is recoverable." (Citations omitted).Guaranty Bank Trust Co. v. Dowling, 4 Conn. App. 376, 385-86,494 A.2d 1216, cert. denied 197 Conn. 808, 499 A.2d 58 (1985).
In the present case the late penalty provides the late charges of 1.5" compounded monthly or the maximum rate permitted.
The defendants argue not only does the court not have jurisdiction to add the interest but that the contract does not provide for compounding the interest at the rate of 18% per annum. The defendant calculates interest if any should be calculated as simple interest of 1.5 % per month when due. The defendant's calculations by their method amount to $150,993.00 on the first count and $215,968.97 on the second count. The court agrees with the defendant's calculations and accordingly amends its decision to include interest for a total of $366,448.97.
Toshiba also seeks attorney's fees, costs and disbursements in the amount of $13,475.20 pursuant to a contractual clause. Toshiba claims that the requested attorney's fee is reasonable and submits its attorney's affidavit of services which itemizes the applicable billing rates, the time devoted to this matter, and miscellaneous disbursements. (Plaintiff's Memorandum in Support, Exhibit 2).
The contract between the parties provides, in relevant part:"10. REMEDIES OF REPOSSESSION: Should litigation be commenced by Seller in connection with this or any other provision of this order, Purchaser shall pay Seller's reasonable attorney's fees and cost in connection therewith." (Plaintiff's Memorandum in Support, Exhibit 1).
"A contract may provide for the payment of attorneys' fees by a defaulting party, but those fees are recoverable solely as a contract right and not as damages." Litton Industries CreditCorporation v. Catanuto, 175 Conn. 69, 76, 394 A.2d 191 (1978).Pacelli Bros. Transportation. Inc. v. Pacelli, 189 Conn. 401,415, 456 A.2d 315 (1983).
In the present case, the contract between the parties provided for reimbursement of attorney's fees. These fees are recoverable as a contract right. Since neither Mobile nor CT Page 13423 Petonito offered evidence that the fee is unreasonable, the court awards attorney's fees in the amount of $13,475.20.
LIABILITY FOR INTEREST AND ATTORNEY'S FEES
"Where a corporation is found to be the mere instrumentality of another corporation or shareholder, individual liability for corporate obligations may be imposed on the shareholder or corporation in the `interest of justice and righteous dealing.'" S. Cross J. Capetta, Connecticut Corporation Law and Practice (1996 Supplement) § 3.9, p. 105, quoting Zaist v. Olson,154 Conn. 563, 574, 227 A.2d 552, 557 (1967). In the present case, the court entered judgment in favor of the plaintiff and pierced the corporate veil, holding both Mobile and Petonito liable for breach of contract damages. The court imposed personal liability on Petonito for the contract debts of Mobile, finding that Petonito was "the alter ego of Mobile," that there "was a unity of ownership between Mobile and Petonito," and that "a separate identity was in fact fictitious to defeat individual liability." (Memorandum of Decision, p. 4).
Frank S. Meadow Judge Trial Referee.