[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 9, 1998, the court (Murray, J.) granted the plaintiff's, Bankers Trust Company, as Trustee ("Bankers Trust") motion for strict foreclosure. The law day for the owners of the equity redemption was set as March 10, 1998, and on that date, Bankers Trust filed a motion to reopen and vacate judgment. On March 16, 1998, this court granted Bankers Trust's motion. It also required Bankers Trust to provide notice to the defendants, Wilfred and Maria Richard ("The Richards") of the court's decision. This was done on March 25, 1998.
On April 2, 1998, an appearance was entered on behalf of the Richards along with a motion to reargue Bankers Trust's motion to reopen judgment. The Richards contend that their motion to reargue should be granted because the law day had passed and title had vested in Bankers Trust on March 11, 1998. Further, the Richards claim that the court should grant their motion because they did not receive notice of Bankers Trust's motion to reopen prior to March 16, 1998.
Bankers Trust counters that their motion to open was timely filed and therefore, it stayed the running of the law days until decided. Bankers Trust also argues that, "[w]hen a defendant fails to appear in an action, a risk undertaken by the defendant is that events will occur in the court case without notice to the non-appearing defendant from the appearing parties or the Court." (Plaintiff's memorandum of law dated June 15, 1998.) Accordingly, Bankers Trust argues that the Richards' motion to reargue should be denied.
"It is a well settled principle of law in this state that the mere filing of a motion to reopen the judgment does not result in an automatic stay. . . ." (Citations omitted; internal quotation marks omitted.) Farmers Mechanics Bank v. Kneller,
CT Page 856440 Conn. App. 115, 122, 670 A.2d 324 (1996). "When a motion to open a judgment of strict foreclosure has not been filed within the time limited to appeal, no stay will come into effect . . . [A] law day may pass and if the defendant fails to redeem, the equity of redemption is extinguished and title to the property vests absolutely in the plaintiff, whether or not a hearing on a motion to open is pending." Id., 124. See also Farmers MechanicsSavings Bank v. Sullivan, 216 Conn. 341, 579 A.2d 1054 (1990).
"Both the Supreme Court and this court [Appellate Court] have ruled that . . . a judgment of foreclosure cannot be opened after title has become absolute in any encumbrancer." Merry-Go-RoundEnterprises, Inc. v. Molnar, 10 Conn. App. 160, 162,521 A.2d 1065 (1987).
Some assistance in resolving the issues in the present case is provided by Farmers Mechanics Bank v. Kneller, supra. InFarmers Mechanics Bank v. Kneller, supra, the trial court entered a judgment of strict foreclosure on October 5, 1992, and set a law day on October 28, 1992. The defendant filed a motion to open judgment on October 27, 1992, which was after the twenty day appeal period expired. Practice Book § 4009, now Practice Book (1998 Rev.) § 63-1. The trial court did not hear the defendant's motion before the law day passed. On November 9, 1992, the trial court denied the defendant's motion to open judgment. Notwithstanding, the court reset the law day to December 9, 1992.
The Appellate Court held that, "the defendant's motion to open, filed subsequent to the appeal period, did not produce a stay . . . Because the trial court did not hear . . . [the motion to open] prior to the October 28, 1992 law day, title to the property vested absolutely in the plaintiff on October 29, 1992, pursuant to General Statutes § 49-15." Farmers Mechanics Bank v. Kneller, supra, 124. The Court concluded that "the trial court lacked jurisdiction to reset the law days." Id., 125.
In the present case, a judgment of strict foreclosure entered on February 9, 1998. On March 10, 1998, more than 20 days after the appeal period had run, Bankers Trust filed its motion to open and vacate judgment. Practice Book § 63-1. Title became absolute in Bankers Trust on March 11, 1998, prior to this court granting its motion. CT Page 8565
In as much as this court was without authority to open and vacate the judgment, it must correct this error by granting the Richards' motion. Consequently title remains in Bankers Trust.
WEST, J.