[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By motion dated and filed December 19, 2002, the plaintiffs move to open a judgment of nonsuit entered on May 20, 2002. The defendants Laidlaw Transit Inc., Laidlaw Transit Management Company and Dufour Transportation Services, Inc., object to the motion.
Under statutory authority and rules of the court, the court may open a judgment of nonsuit or upon default within four months of the date notice was sent. P.B. § 17-43 and General Statutes § 52-212. Here notice of the judgment of nonsuit was sent on May 22, 2002. The motion to open was filed more than four months after that date.
At the hearing on their motion, the plaintiffs argued that the decision of the court on May 20, 2002 was erroneous for a number of reasons. They did not argue that notice of the nonsuit was improperly sent. The plaintiffs' attorney, with admirable candor, acknowledged receipt of the notice. While there was a suggestion of waiver on the part of the defendants, this was simply based upon the defendants' appearance at a court-ordered pretrial subsequent to the entry of the nonsuit. Waiver, however, is "the intentional relinquishment or abandonment of a known right or privilege." (Internal quotation marks omitted.) Brown v.Employer's Reinsurance Corp. , 206 Conn. 668, 675 (1988). Further, the plaintiffs have the burden of proving waiver. Farmers Mechanics Bankv. Kneller, 40 Conn. App. 115, 125 (1996). The court finds no waiver there. The plaintiffs also provided authority to the court after argument for the proposition that clerical errors can be corrected at any time. There is no evidence here of any clerical error.
Because the plaintiffs' motion was filed more than four months after notice of the nonsuit was sent and no waiver exists, the court has no authority to address the merits of the plaintiffs' motion. Opoku v.Grant, 63 Conn. App. 686 (2001); see also Kim v. Magnotta, 249 Conn. 94,102-03 (it is a statutory limitation on the court's general authority to grant relief from judgment rather than a question of jurisdiction). CT Page 2223
For the foregoing reasons, the motion to open the judgment of nonsuit is denied.
DiPentima, J. CT Page 2224