## JEFF CHOLEWINSKI *v.* JOHN CONWAY
## (5935)

SPALLONE, DALY and NORCOTT, Js.

Argued March 8—decision released April 26, 1988

*Richard D. O'Connor,* with whom was *Frederick L. Dorsey,* for the appellant (defendant).

*Jeff Cholewinski,* pro se, the appellee (plaintiff), with whom, on the brief, was *Ernest C. LaFollette.*

NORCOTT, J. The defendant appeals from the judgment for the plaintiff in an action for damages which was originally brought in the small claims court and transferred to the regular session docket. The defendant claims that the trial court erred (1) by rendering a default judgment against him on January 13, 1987, in a trial which was allegedly assigned in violation of

Practice Book §§ 261, 270 and 271, (2) by vacating the January 20, 1987 nonsuit against the plaintiff ordered by another trial judge, and (3) by denying the defendant's motion to open the default judgment. We find error in part.

The following facts are relevant to this appeal. On September 22, 1986, the plaintiff filed a small claims action in Bridgeport to recover $500 he allegedly paid the defendant to get his job back. The plaintiff alleged that he had been terminated from Brake Systems, Inc., and that the defendant, the manager of employee relations, had promised to get the plaintiff reinstated to his job. The plaintiff further alleged that the defendant had not only failed to get him reinstated but also demanded more money. On October 29, 1986, the case was transferred from the small claims docket to the regular session docket of the Superior Court in Bridgeport.

On December 10, 1986, the matter was initially assigned for trial but was dismissed for failure of the plaintiff to appear at the calendar call. The plaintiff then filed a pro se motion to open. In support of the motion, the plaintiff alleged as the reason for his nonappearance that he "did not come to the calendar date because [he] did not get a hearing date in the mail." In an affidavit attached to the motion to open a coworker swore to the facts alleged in the plaintiff's complaint. The plaintiff's motion to open was granted on December 22, 1986. On that same date, the trial court, *Spear, J.*, assigned the case to trial on January 13, 1987, informing both counsel from the bench that "the case goes forward on that day. It will go to trial."

By January 12, 1987, the case did not appear on the trial list for the next day. The defendant contends that on January 12 his counsel contacted the case flow office of the Bridgeport Superior Court and was told that no

trial had been scheduled for January 13 and that he would receive notice of the new scheduling within the next two weeks.[1] On January 13, 1987, the defendant did not appear at trial and the trial court, *Spear, J.,* rendered a default judgment against him. After hearing testimony from the plaintiff, the court then ordered judgment for damages of $500 plus costs against the defendant.

On January 16, 1987, the defendant received an assignment of court cases scheduling the case for a January 20, 1987 trial date. On January 20, the defendant, unaware of the default judgment, appeared before the trial court, *Berdon, J.,* to whom the case had been assigned for trial. The plaintiff did not appear, and Judge Berdon, equally unaware of the default judgment rendered by Judge Spear on January 13, 1987, entered a nonsuit against the plaintiff.

This confusing procedural scenario continued until January 23, 1987 when the defendant received yet another assignment of court cases scheduling the trial for January 28, 1987. On January 28 both counsel appeared before the trial court, *Spear, J.,* once again, and the court vacated the nonsuit against the plaintiff and left intact the January 13, 1987 default judgment against the defendant.

Thereafter, on February 4, 1987, the defendant filed a motion to open the default judgment against him. In support of the motion, the defendant cited procedural confusion and mistake on the part of the clerk of the court's office as the reason for his nonappearance on January 13, 1987. In addition, the defendant alleged that he had, "at the time of the said judgment entered, and has, a good defense to the Plaintiff's action . . . ."

---

[1] The record reveals that on two occasions prior to January 13, 1987, the defendant had appeared in court with his counsel only to have the matter continued.

On March 2, 1987, the court denied the defendant's motion to open the judgment,[2] and the defendant took the present appeal.

---

[2] On March 2, 1987, at the hearing on the defendant's motion to open judgment, the following colloquy between the court and defendant's counsel took place:

"The Court: All right. I have read the motion.

"[Defense Counsel]: Thank you, Your Honor. I believe that reasonable cause does exist. One time out of the five times this case has been on the docket since December 22nd, Your Honor, that we weren't here was the only time it wasn't calendared and we were told by the case flow officer not to be here. I understand, Your Honor, that you had indicated in December that the trial would be set for January 13th. But not having received the calendar and having been told by the case flow office that the case would not be tried the 13th and we would be getting a calendar the next week, which in fact we did, was the reason that nobody from the defendant was here. The four other times the case was calendared we were here.

"The Court: I have had this problem before. I try to make it as clear as possible when people are standing in front of me. And I want them in front of me so I can tell them on the record what the court trial date is. I think I said it as effectively as I am capable of saying it to people in front of me that this case would be tried January 13th. This gentleman is pro se and I like to have pro se parties in front of me and tell them the date on the record. I made it absolutely clear that January 13th was the trial date. I am sure I made this gentleman repeat the date and the time to me. I assume with the lawyer I didn't have to do that. And it was not a question of you will get a calendar; I said January 13th is the trial date. I don't know how else I could have said it.

"[Defense Counsel]: Well, Your Honor, I think that with that in mind if the next time the case flow office tells us there is not going to be a trial we will disregard that information.

"The Court: No. No. The case flow can't tell you there won't be a trial; only the judge will do that. I told the lawyer who was in front of me that the case will be tried on January 13th.

"[Defense Counsel]: I understand that, Your Honor. But I still think that there is reasonable cause for not appearing on that date.

"The Court: Why would there be reasonable cause when I told you the case is going to be tried?

"[Defense Counsel]: Well, first of all the lawyer who was before Your Honor was not the lawyer who is trying it. I am sure he conveyed the fact that the 13th was the trial date set by Your Honor, but when the attorney who was handling the case called to confirm that date and was channeled to the case flow office who told him that there was not going to be a trial that day and that he'd be getting a calendar, having been here two occa-

We find that the resolution of the defendant's third claim of error is dispositive of this appeal. The essence of the defendant's third claim is that in denying the defendant's motion to open the judgment the trial court abused its discretion in finding that the defendant was not prevented by mistake, accident or other reasonable cause from making a defense to the plaintiff's action. We agree.

Our review of a denial of a motion to open a default judgment rests on the requirements of General Statutes § 52-212.[3] Practice Book § 377 is almost identical to the statutory language.[4] To obtain relief from a judg-

---

sions before with the defendant's witnesses only to have to go home, it was I think prudent on his part not to have everybody here the third time having been told not to come.

"The Court: No. It was not very prudent on the part of the lawyer in front of me because I tell people, I am not being facetious with them when I tell them to repeat the court date, the time and place back to me. And I did that here.

"The motion is denied. I don't know how else I can do it. You may have an exception.

"[Defense Counsel]: Thank you, Your Honor."

[3] "[General Statutes] Sec. 52-212. REOPENING JUDGMENT UPON DEFAULT OR NONSUIT. (a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motions shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear."

[4] Practice Book § 377 provides: "OPENING JUDGMENT UPON DEFAULT OR NONSUIT. Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion

ment rendered after default a two pronged test must be satisfied. "The aggrieved person must show reasonable cause, or that a good defense existed at the time of the judgment, and that the movant was prevented by mistake, accident or other reasonable cause from making the defense." *Triton Associates* v. *Six New Corporation,* 14 Conn. App. 172, 174, 540 A.2d 95 (1988); see also *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* 196 Conn. 233, 235, 492 A.2d 159 (1985). "In granting or refusing an application to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion." *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* supra, 235.

Our review first reveals that the defendant did show that at the time of the default judgment a good defense existed.[5] We next turn to the question of whether the defendant was prevented by mistake, accident or other reasonable cause from making that defense.

"It is the defendant's burden to show that [he] was prevented by mistake, accident or other reasonable

of any part or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The court shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such written motion."

[5] In support of the motion to open, the defendant denied and alleged that the plaintiff had attempted to bribe him in violation of General Statutes § 53a-160. The defendant further alleged that the amount tendered to him by the plaintiff was not $500 but $200.

cause unrelated to its own negligence from appearing in the case prior to the rendition of judgment. *Manchester State Bank* v. *Reale,* 172 Conn. 520, 525, 375 A.2d 1009 (1977)." *Triton Associates* v. *Six New Corporation,* supra, 177. The entire procedural record below abounds with confusion and mistake. The confusion and clerical mistake which caused the defendant to question whether the case was to be tried on January 13, 1987, was in essence no different from that which caused the plaintiff's failure to appear on December 10, 1986. While we are respectful of the need for the trial court to control its docket and demand the presence of counsel ordered before it, we fail to see why the defendant here should be penalized for the clerical confusion in the clerk's office which came about following his counsel's efforts to reassure himself of the trial date. Under the circumstances of this case, fraught with confusion and procedural deficiency, we find that the trial court's denial of the defendant's motion to reopen the default judgment was unreasonable and erroneous.

Because of our disposition of the defendant's third claim of error we need not address the claim that the trial court erred in rendering the default judgment on January 13, 1987. With respect to the defendant's second claim, we do find, however, that the court did not err in vacating the nonsuit unwittingly ordered against the plaintiff by a second trial court where that court, *Berdon, J.,* had no knowledge of the prior default judgment against the defendant.

There is error in part, the order denying the defendant's motion to open the default judgment is set aside, and the case is remanded with direction to open the default judgment against the defendant and to proceed according to law.

In this opinion the other judges concurred.