## FIRST NATIONAL BANK OF CHICAGO *v.* PETER LUECKEN ET AL.
### (AC 21696)

Foti, Landau and Schaller, Js.

Submitted July 11—officially released October 30, 2001

*David F. Borrino*, in support of the motion.

*Kevin L. Burns*, in opposition.

*Opinion*

FOTI, J. The plaintiff, First National Bank of Chicago, moves this court to dismiss the named defendant's appeal[1] from the decision of the trial court vacating its prior granting of the defendant's motion to open a judgment of strict foreclosure. The plaintiff argues that the trial court's ruling was proper because when the court heard the motion to open, title to the defendant's property already had vested in the plaintiff and, therefore, the court lacked jurisdiction to open the judgment. The plaintiff further claims that because the trial court properly determined that it lacked jurisdiction to open the judgment, this court could offer no practical relief on appeal and consequently, the matter is moot. We agree and dismiss the defendant's appeal.

The following facts are relevant to our resolution of this issue. The defendants Peter Luecken and Roxanne Luecken[2] owned real property encumbered by several mortgages. The plaintiff, holder of one of those mortgages, brought an action to foreclose based on nonpayment. On September 25, 2000, the court rendered a judgment of strict foreclosure and set the law days for the various parties to run from January 9, 2001, through January 12, 2001, inclusive, after which, if unredeemed,

---

[1] Only the named defendant, Peter Luecken, has appealed. We refer to him in this opinion as the defendant.

[2] A default for failure to plead was entered against the defendant Roxanne Luecken.

title would vest in the plaintiff. The last law day, January 12, 2001, fell on a Friday.

The defendant filed a motion to open the judgment of strict foreclosure on December 21, 2000. No automatic stay remained in effect because the motion to open was filed outside of the appeal period. See Practice Book §§ 63-1, 61-11; *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 347–48, 579 A.2d 1054 (1990). Subsequently, all of the law days passed and no party redeemed. Monday, January 15, 2001, was a holiday on which the court was closed. On January 16, 2001, the court heard the defendant's motion to open. In support of the motion, the defendant argued that it was timely, even though the law days had run, because title did not vest absolutely in the plaintiff until the next business day, i.e., Tuesday, January 16, 2001, the day the motion was being heard. The plaintiff argued, however, that title already had vested at the close of court on Friday, January 12, 2001, the last law day, and, therefore, the court lacked jurisdiction to entertain the motion to open.

The court, *Mottolese, J.*, granted the defendant's motion and extended the law days to January 30, 2001, but conditioned the extension on the defendant's submission of a memorandum of law in support of his assertion that title did not vest until the next business day following the last law day passing without redemption.

On January 24, 2001, the defendant filed a second motion to open and reset the law days, along with the supporting memorandum of law requested by the court. That motion was heard on January 29, 2001, by a different court, *Rush, J.* Judge Rush questioned the court's jurisdiction but, noting Judge Mottolese's notation that the first motion to open had been granted, granted the second motion to open. Judge Rush stated that he did

not want to overrule Judge Mottolese and that the parties could revisit the matter when Judge Mottolese returned.

On February 2, 2001, the plaintiff filed motions to reargue and to vacate the opening of the judgment and the extension of the law days. Thereafter, the defendant filed a third motion to open the judgment.

On February 19, 2001, the court, *Mottolese, J.*, heard the plaintiff's motions, took the matter under advisement and set a hearing date of February 26, 2001, for the defendant's third motion to open. On February 26, 2001, the court, after determining that it no longer had jurisdiction over the matter, granted the plaintiff's motion to vacate and denied the defendant's third motion to open. On March 7, 2001, the defendant appealed from the court's February 26, 2001 decision. On March 15, 2001, the plaintiff moved to dismiss this appeal as moot, and on March 23, 2001, the defendant filed an opposition to the motion to dismiss.

The defendant argues on appeal that, because title had not yet vested in the plaintiff on January 16, 2001, the court improperly determined that it lacked jurisdiction to open the judgment of strict foreclosure. The plaintiff argues that we should dismiss the defendant's appeal because the court's ruling was proper and, thus, no further relief can be afforded to the defendant. In his opposition to this motion to dismiss, the defendant claims that this motion attempts to have us decide the merits of the appeal and does not raise issues impairing this court's jurisdiction. We agree with the plaintiff.

We recognize that the question of mootness raised in this motion is inextricably intertwined with the only issue raised on appeal, whether the trial court lacked jurisdiction to open the judgment. We further recognize that once we have addressed the issue raised in this motion—whether there is ultimately any practical relief

that this court can afford the defendant—we will also have addressed the issue on appeal. While it may generally be prudent, in cases where a motion to dismiss goes to the heart of the appeal itself, to defer action until after the parties have fully briefed any interrelated issues, in this case we grant the plaintiff's motion to dismiss because the added delay incident to deferral of the question would not, under the facts of this case, further our policy of expediting foreclosure cases whenever possible. Furthermore, if we were to agree with the defendant's argument that we must defer our decision on mootness until after we have heard his appeal, we would deprive the plaintiff of its right to raise a mootness claim at any stage of the judicial proceedings. *Domestic Violence Services of Greater New Haven, Inc.* v. *Freedom of Information Commission*, 240 Conn. 1, 6, 688 A.2d 314 (1997); see *Sobocinski* v. *Freedom of Information Commission*, 213 Conn. 126, 134–35, 566 A.2d 703 (1989). While the appeal itself challenges the trial court's jurisdiction to act, this motion to dismiss raises the issue of this court's jurisdiction. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . ." (Citations omitted; internal quotation marks omitted.) *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988).

We note first that mootness implicates our subject matter jurisdiction; *Giaimo* v. *New Haven*, 257 Conn. 481, 492, 778 A.2d 33 (2001); and it is axiomatic that this court has jurisdiction to determine whether it has jurisdiction. *Castro* v. *Viera*, supra, 207 Conn. 430; *State* v. *S & R Sanitation Services, Inc.*, 202 Conn. 300, 301, 521 A.2d 1017 (1987). Our determination of whether there is any practical relief that can be afforded the defendant depends on whether the trial court had the authority to grant the defendant's motion to open and, therefore, requires us to interpret the statutory provi-

sion governing the opening of strict foreclosure judgments. "Statutory construction, in turn, presents a question of law over which our review is plenary. . . . According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citation omitted; internal quotation marks omitted.) *Opoku* v. *Grant*, 63 Conn. App. 686, 690, 778 A.2d 981 (2001).

The opening of judgments of strict foreclosure is governed by General Statutes § 49-15. That section provides in relevant part that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified . . . *but no such judgment shall be opened after the title has become absolute in any encumbrancer.*" (Emphasis added.)

Our Supreme Court has noted that "[a] critical factor to be recognized in connection with a motion to reopen a judgment of strict foreclosure [made after the expiration of the time to appeal from the initial foreclosure judgment] is that the motion must be heard, and not merely filed, prior to the vesting of title." *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 349; see also *Farmers & Mechanics Bank* v. *Kneller*, 40 Conn. App. 115, 123, 670 A.2d 324 (1996). The "failure [of a party] to move to open [a] judgment of strict foreclosure in a timely fashion is an insufficient ground upon which to open the judgment at a later date." (Internal quotation marks omitted.) *Farmers & Mechanics*

*Savings Bank* v. *Sullivan,* supra, 360–61 (*Callahan, J.,* dissenting). When a motion to open and a subsequent appeal from the denial of the motion to open are filed after title has vested in an encumbrancer, no practical relief can be granted and so the appeal becomes moot. *Merry-Go-Round Enterprises, Inc.* v. *Molnar,* 10 Conn. App. 160, 161–62, 521 A.2d 1065 (1987). "Provided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . it is not within the power of appellate courts . . . to disturb the absolute title of a redeeming encumbrancer. *Connecticut Savings Bank* v. *Howes,* 9 Conn. App. 446, 447–48, 519 A.2d 1216 (1987) . . . ." (Citation omitted.) *Barclays Bank of New York* v. *Ivler,* 20 Conn. App. 163, 166–67, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989). In this case, if the court did not hear the defendant's first motion to open prior to the vesting of title in the plaintiff, the trial court was without jurisdiction to open the judgment.[3]

The precise task before us then is to determine exactly when title vests in an encumbrancer in an action of strict foreclosure after all the law days have run without redemption and the last law day is a Friday. Our case law has long established that "[w]here a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the [redeeming encumbrancer] . . . ." (Internal quotation marks omitted.) *Barclays Bank of New York* v. *Ivler,* supra, 20 Conn. App. 166; see also *City Lumber*

---

[3] The court in its memorandum of decision noted that the granting of each of the defendant's motions to open and concomitant extension of the law days "was predicated upon an assumption of jurisdiction done so solely to afford the court sufficient time to research and adjudicate the issue [of whether title may vest on a day on which the court is not open for business]." If the court lacked jurisdiction to open the judgment on January 16, 2001, it follows that it lacked jurisdiction to open it on January 29, 2001, and February 26, 2001.

*Co. of Bridgeport, Inc.* v. *Murphy,* 120 Conn. 16, 25, 179 A. 339 (1935). Nonetheless, the exact moment of vesting has not been defined. The defendant argues that vesting does not occur until the end of the next business day following the last law day, in this case Tuesday, January 16, 2001. The plaintiff claims that title vests at the close of business on the last law day, in this case Friday, January 12, 2001, at 5 p.m. or, at the very latest, on the following day whether court is open or not, in this case Saturday, January 13, 2001.

The plain language of § 49-15 is not helpful, as the statute does not speak to the timing of vesting of title. Because of its early date of enactment, legislative history is unavailable. The case law interpreting it, however, indicates that "[t]he design of § 49-15 is to authorize a court, *before a redemption pursuant to a strict foreclosure has occurred,* to modify the terms of the judgment in order to achieve an outcome fairer to the parties than provided by the original judgment in light of conditions as they appear when the motion to open is decided." (Emphasis added.) *Farmers & Mechanics Savings Bank* v. *Sullivan,* supra, 216 Conn. 352.

Our Supreme Court has stated that "as best we can determine, the legislature's purpose in enacting § 49-15 was . . . to set out an orderly framework for a mortgagee's exercise of the equity of redemption"; *New Milford Savings Bank* v. *Jajer,* 244 Conn. 251, 258, 708 A.2d 1378 (1998); and "to ensure equitable foreclosure proceedings." Id., 259. The court further emphasized the "duty of the [trial] court [in applying § 49-15] to do justice to protect the rights of *all* the interested parties"; (emphasis added) id., 260; and, after title has vested, "to prohibit the mortgagor from subsequent challenges to the enforceability of the mortgagee's property rights." Id.

Section 49-15, therefore, was intended to give the court flexibility to accommodate the defendant's changed circumstances subsequent to the original judgment. Nonetheless, it also recognizes the rights of the plaintiff and the need for an orderly foreclosure procedure that necessarily must, at some point, conclude. In light of the need to balance these competing considerations, we decline to read additional terms into the statute. We conclude that the legislature intended the language in § 49-15, "after the title has become absolute in any encumbrancer," to contemplate a period commencing immediately after the cessation of the last day on which another party may redeem, not a full business day later. In other words, a court may not open a judgment of foreclosure after the close of business on the final law day.

The defendant also argues that, even if title vested prior to the hearing on the motion to open, the court still had the power to open the judgment pursuant to the holding of *New Milford Savings Bank* v. *Jajer*, supra, 244 Conn. 257. We disagree. The circumstances of *Jajer* are unique and the court's holding is limited.[4] Section 49-15 and the case law thereunder make it clear that a court may not open a judgment of strict foreclosure once title has vested.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[4] The court in *Jajer* held that the trial court had equitable jurisdiction to open the judgment of strict foreclosure after title already had vested, where the party requesting the opening was the foreclosing bank. The bank sought the opening of the judgment in order to amend its complaint to include certain other property owned by the defendant; the complaint inadvertently had included only two of the three parcels encumbered by the mortgage conveyance. See *New Milford Savings Bank* v. *Jajer*, supra, 244 Conn. 256–64.