[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT (#112)
The plaintiff, David Bouffard, filed this dissolution of marriage action against the defendant, Karen Bouffard, on September 20, 2001. The defendant was served, in hand, with the complaint on September 14, 2001. She never appeared in the matter, however, either through counsel or pro se.
On February 5, 2002 the hearing was held to dissolve the marriage of the parties. The plaintiff filed the requisite military affidavit, attesting that the defendant was not in the military service. The plaintiff also presented evidence, through the testimony of the plaintiff, a certified letter sent to the defendant from counsel for the plaintiff and copies of email correspondence, that the defendant was aware that the dissolution hearing was proceeding on that date. Satisfied that the defendant had proper notice, the court dissolved the marriage. Orders were entered substantially in accordance with proposed orders submitted by the plaintiff.
On February 21, 2002 the defendant, through counsel, filed a motion to open the judgment with two supporting memorandums of law. An affidavit by the defendant was also filed. The affidavit stated that the defendant did not have the money to pay an attorney to represent her and she felt "extremely intimidated" by the court process, so she did not file a pro se appearance. The affidavit further stated that the plaintiff gave the defendant the money to pay for an attorney after the final dissolution hearing. The plaintiff opposes opening the judgment. A memorandum of law and copies of correspondence from counsel for the plaintiff to the CT Page 2971 defendant have been filed. An evidentiary hearing was held on March 4, 2002.
Practice Book § 17-43 provides, in part, "[a]ny judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same."[1]
"The [defendant's] motion to [open] the judgment . . . [is] subject to the requirements of General Statutes § 52-212 and Practice Book § 17-43, which substantially follows the language of the statute." (Citations omitted.) Baris v. Southbend, Inc., 68 Conn. App. 546, 553,___ A.2d ___ (2002). "To obtain relief from a judgment rendered after default a two pronged test must be satisfied. The aggrieved person must show reasonable cause, or that a good defense existed at the time of the judgment, and that the movant was prevented by mistake, accident or other reasonable cause from making the defense. . . . In granting or refusing an application to open a judgment, the trial court is required to exercise a sound judicial discretion . . ."McLaughlin v. Smoron, 62 Conn. App. 367, 372,771 A.2d 201 (2001). The court, in the exercise of its sound discretion, finds the evidence of the defendant's inability to pay for counsel to be sufficient reasonable cause to open the judgment dissolving this nineteen year marriage.[2] Therefore, the defendant's motion to open is granted.
The Court
By Cutsumpas, J.