[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT AND EXTEND LAW DAY
In this foreclosure action, the defendant Zane R. Megos was defaulted for failure to plead on November 13, 2001. On November 19, 2001, the court entered a judgment of strict foreclosure, setting the law days for the various parties to run from December 11, 2001, through December 13, 2001, after which title would vest in the plaintiff, Bank One National Association. On December 20, 2001, the defendant filed a motion to open the judgment of strict foreclosure and extend the law days. In support of his motion, the defendant represents that he has obtained a bona fide purchaser for the subject premises and needs additional time to effectuate the closing. The defendant also represents that he filed a defense but was not given the opportunity to be heard. In support of this claim, the defendant has filed a document (defendant's exhibit 1) titled "Motion for Pleading, Special Defense and Counter Claim" and dated November 23, CT Page 5471 2001, which the defendant states was returned to him after he attempted to file it with the clerk of the court. Affixed to the document is a handwritten note stating, "You have been defaulted and judgment has entered against you as of 11/19/01."
"The opening of judgments of strict foreclosure is governed by General Statutes § 49-15. That section provides in relevant part that `[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified . ., but no such judgment shall be opened after titlehas become absolute in any encumbrancer.'" (Emphasis in original.) FirstNational Bank of Chicago v. Luecken, 66 Conn. App. 606, 611, 785 A.2d 1148
(2001), cert. denied, 259 Conn. 915, ___ A.2d ___ (2002).
"Our Supreme Court has noted that `[a] critical factor to be recognized in connection with a motion to reopen a judgment of strict foreclosure [made after the expiration of the time to appeal from the initial foreclosure judgment] is that the motion must be heard . . . prior to the vesting of title.' Farmers Mechanics Savings Bank v. Sullivan, [216 Conn. 341, 349, 579 A.2d 1054 (1990)]; see also Farmers MechanicsBank v. Kneller, 40 Conn. App. 115, 123, 670 A.2d 324 (1996). . . . [I]f the court [does] not hear the defendant's . . . motion to open prior to the vesting of title in the plaintiff, the trial court [is] without jurisdiction to open the judgment." (Citations omitted.) First NationalBank of Chicago v. Luecken, supra, 66 Conn. App. 611-12.
"Section 49-15 . . . was intended to give the court flexibility to accommodate the defendant's changed circumstances subsequent to the original judgment. Nonetheless, it also recognizes the rights of the plaintiff and the need for an orderly foreclosure procedure that necessarily must, at some point, conclude. . . . [T]he legislature intended the language in § 49-15, `after the title has become absolute in any encumbrancer,' to contemplate a period commencing immediately after the cessation of the last day on which another party may redeem. . . . In other words, a court may not open a judgment of foreclosure after the close of business on the final law day." Id., 614.
In the present case, the defendant's motion to open was filed after the expiration of the time to appeal from the judgment and seven days after the final law day. Consequently, the court lacks jurisdiction to reach the merits of the defendant's motion.
The defendant argues, however, that the court still has the power to open the judgment pursuant to the holding in New Milford Savings Bank v.Jajer, 244 Conn. 251, 708 A.2d 1378 (1998). "The court in Jajer held that CT Page 5472 the trial court had equitable jurisdiction to open the judgment of strict foreclosure after title already had vested, where the party requesting the opening was the foreclosing bank. The bank sought the opening of the judgment in order to amend its complaint to include certain other property owned by the defendant; the complaint inadvertently had included only two of the three parcels encumbered by the mortgage conveyance."First National Bank of Chicago v. Luecken, supra, 66 Conn. App. 614 n. 4. The court stated that as a result of the omission of the third parcel, "the bank's title [to the third parcel] was a fee simple subject to defeasance by the defendants' exercise of their equity of redemption. . . . Thus, the bank's title to the third parcel was not absolute. Because no one had absolute title to the third parcel at the time of the bank's motion to open and to amend, §49-15 did not limit the jurisdiction of the trial court to exercise its equitable discretion and modify the scope of the . . . foreclosure judgment with respect to the third parcel." (Citation omitted.) New Milford Savings Bank v. Jajer, supra,244 Conn. 258. As the Appellate Court has observed, "[t]he circumstances of Jajer are unique and the court's holding is limited."First National Bank of Chicago v. Luecken, supra, 66 Conn. App. 614.Jajer provides no basis for granting the motion to open in the present case.
For the reasons stated above, the defendant's motion to open the judgment of strict foreclosure and extend the law days is hereby denied.
Robaina, J.