[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A judgment of strict foreclosure entered in this case on March 18, 2002, which the defendants, Anthony S. McKoy and Audrey J. McKoy, now seek to vacate and set aside.[1] The defendant Anthony McKoy executed a note on March 2, 2001, promising to pay $143,000 to Option One Mortgage Corporation (Option One). To secure this note, both defendants executed a mortgage deed in favor of Option One on their two family dwelling located at 167 South Main Street in Norwalk. Both the note and the mortgage were subsequently assigned to the plaintiff, Wells Fargo Bank Minnesota N.A. as Trustee for registered holders of Option One Mortgage Loan Trust 2001-B, Asset-Backed Certificates, Series 2001-B.
The defendants did not make timely payments on the note beginning with the installment due on November 1, 2001, and the plaintiff began the present foreclosure action on February 8, 2002 with in-hand service on Mr. McKoy and abode service on Mrs. McKoy. On March 4, 2002, the plaintiff moved (#108.10) for a default against the defendants for failure to appear, which was subsequently granted, and the court file indicates that a notice of the entry of this default was mailed to "all non-appearing defendants."
The case appeared on the foreclosure short calendar of March 18, 2002, at which time a judgment of strict foreclosure entered with law days to commence April 9, 2002 for the owner of the equity of redemption and for subsequent encumbrancers in the inverse order of their priorities. The debt was determined to be $151,814, and the value of the mortgaged property was found to be $119,000. Attorney's fees and costs were awarded. The plaintiff sent notice of this judgment to the defendants as required by Practice Book § 17-22.[2]
As the law days passed and title to the mortgaged premises vested absolutely in the plaintiff on April 11, 2002, the plaintiff filed a certificate of foreclosure on that date in the Norwalk Land Records. On June 12, 2002, as authorized by General Statutes § 49-22, a writ of CT Page 15646 ejectment was signed by a clerk of this court setting July 2, 2002 as the date for ejectment.[3] On July 1, 2002, the defendants appeared by counsel and filed motion #112 to stay execution on the ground that the defendants had entered into a bona fide contract with a purchaser who agreed to pay a sufficient price to satisfy the judgment debt. This motion was granted with the ejectment stayed until August 12, 2002.
The defendants filed a motion (#116) on July 18, 2002 to "open and set aside judgment of foreclosure."[4] Three reasons are given for this motion. The first is that the appraisal presented to the court "fraudulently undervalued" the defendants' property. The second reason is that the attorney who appeared for the plaintiff before the court on March 18, 2002, Frank Brown (sic), was not authorized to do so because "he had not filed an appearance." The final reason given by the defendants is that the judgment of foreclosure obtained by the plaintiff was "void" because the plaintiff had not sent a "Notice of Judgment to the defendants as required by Practice Book § 10-14."[5]
These reasons will be addressed in turn. Taking up the first reason, the alleged fraudulent valuation of the subject property, the defendants presented at the hearing on their motion to open the judgment a copy of a "purchase agreement" with Gabriel and Nidia Solis for $210,000, dated July 13, 2002 and a copy of a preapproval of the purported purchasers for a mortgage in the amount of $200,000. This agreement had several contingencies, including a valuation of the subject premises by the lending institution. Although this agreement was introduced in evidence, no proof was offered that the prospective mortgagor had valued the property in an amount sufficient to justify a mortgage loan. In addition, the agreement was subject to a "superceding contract," which was not submitted.
The appraisal of the premises, which was submitted at the foreclosure hearing and is claimed to be fraudulent, was performed by Peter R. Marsele, who has fifty years of experience in real estate appraisal, including that number of years as the assessor for the town of Bloomfield. Mr. Marsele used the comparative sales approach to value the land, 0.124 acres, at $50,000 and the building, a two and a half story, two family dwelling, at $69,000, for a total of $119,000. This appraiser noted that the neighborhood, architectural appeal, physical condition, interior layout, equipment and fixtures were all rated "poor." Mr. Marsele further noted that the building was "built [in] 1895," and its "general condition is poor and reflects a minimum of maintenance."
In accordance with Practice Book § 23-16, a copy of this appraisal was sent to the defendants, who purchased their property in April of 1998 CT Page 15647 for $100,000, and there was no response or protest by the defendants. The defendants did not prove that this appraisal was fraudulent.
Most importantly, the defendants could not legally sell the subject property because title thereto had already become absolute in the plaintiff on April 11, 2002. See General Statutes § 49-15[6] Farmers Mechanics Bank v. Kneller. 40 Conn. App. 115, 124, 670 A.2d 324
(1996), sets forth the general principal that after a law day passes and there is a failure to redeem, "the equity of redemption is extinguished and title to the property vests absolutely in the plaintiff." Furthermore, ["w]hen a motion to open . . . [is] filed after title has vested in an encumbrancer, no practical relief can be granted so the appeal becomes moot." First National Bank of Chicago v. Luecken,66 Conn. App. 606, 612, 785 A.2d 1148 (2001), cert. denied, 259 Conn. 915,792 A.2d 851 (2002).
The Supreme Court in New Milford Savings Bank v. Jajer. 244 Conn. 251,260, 708 A.2d 1378 (1998), reiterated this principal by indicating that "the legislature's purpose in barring courts from opening a judgment, after the mortgagor's failure to redeem, was not to limit the mortgagee from further pursuit of its newly vested property rights but rather to prohibit the mortgagor from subsequent challenges to the enforceability of the mortgagee's property rights." In that case a judgment was opened, but only at the behest of the mortgagee to correct "an inadvertent omission in a foreclosure complaint." Id. "The circumstances of Jajer are unique and the court's holding is limited. Section 49-15 and the case law thereunder make it clear that a court may not open a judgment of strict foreclosure once title has vested." First National Bank of Chicago v.Luecken, supra, 66 Conn. App. 614.
The defendants, served with process on February 8, 2002, did not file an appearance or retain counsel until July 1, 2002, when they sought a stay of the ejectment scheduled for the next day, because of "bad advice" from an attorney. The defendants claim that this attorney told them not to worry about the pending foreclosure action because they would sell their house before any foreclosure could take place. The defendants have not cited any authority that the plaintiff should suffer because of alleged negligent advice from the defendants' lawyer. Moreover, the defendants knew the foreclosure was imminent and actually spoke to the attorney for the plaintiff about the case in early March, 2002.
Regarding the claim by the defendants that the lawyer representing the plaintiff at the foreclosure calendar, Francis J. Browne, was not authorized to do so, the attorney of record for the plaintiff, Martha E. Croog, has filed an affidavit dated August 2, 2002, that Attorney Browne CT Page 15648 was "of counsel" to her firm, that he was so designated on the letterhead of her firm, which is located in West Hartford, and was included as an insured on her insurance policy. It is clear that Attorney Browne was authorized to represent the Croog law firm at the foreclosure hearing.
The final reason offered by the defendants is that they never received a "notice of judgment" as required by Practice Book § 17-22. The court's file, however, includes entry #109.10 to the effect that such a notice was filed with the clerk on March 20, 2002, and it contains a certification by the plaintiffs counsel that a copy thereof was sent by that office to the defendants at 167 South Main Street in Norwalk on March 19, 2002. "Service by mail is complete upon mailing." Practice Book § 10-13. In this action, unlike McLaughlin v. Smoron.62 Conn. App. 367, 371, 771 A.2d 201 (2001), the Practice Book §17-22 notice was sent to the defendants by the plaintiff's counsel. The claim by the defendants that they did not receive such notice is not credible under the circumstances.
In conclusion, none of the reasons advanced by the defendants warrant an opening or vacating of the judgment of strict foreclosure entered on March 18, 2002, and their motion #116 is therefore denied.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of December, 2002.
 ___________________ William B. Lewis, Judge