[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO OPEN JUDGMENT (# 125) AND EXTEND LAW DAY (#127)
This case began as a foreclosure action against real property owned by the defendant Tom Pham. He has now moved to open the judgment of strict foreclosure and extend the law days. These motions raise the question of the court's authority in strict foreclosure actions after title to the property has passed. For the following reasons, the defendant's motions are denied.
On June 4, 2001, the court, DiPentima, J., entered a judgment of strict foreclosure, and set the first law day for the following July 2nd but on that latter date the defendant filed for bankruptcy, an act that automatically stayed this action. On December 18, 2001, the Bankruptcy Court granted relief from the stay. Pursuant to motion of the plaintiff, on January 7, 2002, the court, DiPentima, J., opened the judgment and set a new law day of January 28, 2002, for the owner of the equity of redemption. The plaintiff thereafter, on January 29, 2002, again moved to open the judgment on the basis that it had failed to send a notice of judgment to the non-appearing defendant. On January 30, 2002, the court,Agati, J., granted that motion and set new law days, beginning on March 4, 2002, for the owner of the equity of redemption.
On March 4, 2002, the defendant filed another bankruptcy, which again stayed this action. After the United States Bankruptcy Court granted relief from that stay, the Superior Court, Agati, J., again on motion of the plaintiff, opened the judgment and set new law days, beginning with September 9, 2002, for the owner of the equity of redemption. Thereafter, on October 3, 2002, after tide to the property had, as a matter of law, vested in the plaintiff, the defendant Tom Pham filed an appearance and the pending motions.
In his motions and at oral argument on them before this court, the defendant has alleged various bases for the relief he seeks: (1) he does not speak or read English well, as it is his second language; (2) from CT Page 16174 July 15 to September 15, 2002, he had to visit his very sick parents in Vietnam and care for them there; (3) and from January to October of this year, he received no mail or information from the plaintiff. The plaintiff thereafter filed an objection to the defendant's motions on the grounds that the court lacks jurisdiction to open a judgment where tide has vested. As plaintiff raised a jurisdictional claim, the court did not conduct a full hearing on defendant's factual allegations.
Subsection (a) of general statutes section 49-15, as amended by subsection two of Public-Act 02-93[1] provides as follows:
 Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer.
The defendant's request here would seem to fly in the face of the last sentence of that subsection, which prohibits the opening of a judgment of strict foreclosure "afer title has become absolute in any encumbrancer." As our Supreme Court has repeated advised us in recent years, however, the process of statutory construction is not limited to a literal reading of the legislative language, but, rather, is a
 reasoned search for the intention of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter.
(Citations omitted; internal quotation marks omitted.) Wright Bros.Builders, Inc. v. Dowling, 247 Conn. 218, 226-27, 720 A.2d 235 (1998).
In reviewing the limited legislative history available to construe subsection (a) of § 49-15, the court in New Milford Savings Bank v.Jajer, 244 Conn. 251, 256, A.2d 1378, (1998), found that the statute was not intended to deprive the court of jurisdiction from opening judgments of strict foreclosure in certain circumstances: CT Page 16175
 [t]he law governing strict foreclosure lies at the crossroads between the equitable remedies provided by the judiciary and the statutory remedies provided by the legislature. Because foreclosure is peculiarly an equitable action . . . the court may entertain such questions as are necessary to be determined in order that complete justice may be done.
That "equitable nature of foreclosure proceedings" led the court inJager to reverse an earlier Appellate Court ruling that a court always lacks jurisdiction to open a judgment of strict foreclosure after title has passed. The Supreme Court concluded that when a mortgagee seeks to open a judgment of foreclosure after title has passed, a court may do so in appropriate circumstances. It distinguished earlier authority upon which the Appellate Court had relied:
 The Appellate Court relied upon several Connecticut cases in concluding that a judgment of foreclosure cannot be opened, in any circumstances, after title has become absolute in the encumbrancer. We conclude, however, that the cases from this court are distinguishable, because they deal with extinguishment of the mortgagor's right of redemption after passage of the law day. By contrast, in this case we consider whether a mortgagee may open a judgment of foreclosure in order to amend an inadvertent omission.
(Citations omitted.) Id at 258, fn 12. The Appellate Court has since construed the statute, in light of the Supreme Court's holding in Jager, as denying the court jurisdiction to grant a request of the mortgagor to open a judgment of strict foreclosure after title has passed. FirstNational Bank of Chicago v. Luecken, 66 Conn. App. 606,, 785 A.2d 1148
(2001).
In light of the above appellate court cases, whose authority is binding on the Superior Court, this court concludes that it lacks authority to open grant the defendant's motions to open the judgment of strict foreclosure or set new law days. Accordingly, those motions are DENIED.
BY THE COURT
___________________ STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT CT Page 16176