[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant Michael Burton moves to open and vacate a judgment of strict foreclosure entered on September 16, 2002. The facts are as follows.
The defendant was defaulted for failure to plead on September 11, 2002. Judgment of foreclosure was entered on September 16, 2002. The court set the defendant's law day for October 15, 2002. Because the defendant did not redeem on that day, there being no other defendants, title vested in the plaintiff on October 16, 2002. The defendant moved to vacate the judgment on November 26, 2002. The grounds for the motion are: (1) Fifteen days did not pass between the date the defendant was defaulted for failure to plead and the filing of the motion for judgment, as required by Section 17-32 (b); and (2) the defendant did not receive notice of the judgment and of his assigned law day and therefore was unable to take steps to reinstate the loan.
Since title vested in the plaintiff before the defendant moved to reopen the judgment, Conn. Gen. Stat. § 49-15 applies. That statute provides[1] that while a judgment foreclosing title to real estate by strict foreclosure may be opened and modified for cause shown, "no suchjudgment shall be opened after the title has become absolute in anyencumbrancer." (Emphasis added.) That statute has been interpreted to mean, "Provided that this vesting [of title in an encumbrancer] has occurred pursuant to an authorized exercise of jurisdiction by the trialcourt, . . . it is not within the power of the Appellate Courts . . . to disturb the absolute title of a redeeming encumbrancer." [Citations omitted.] (Emphasis added.) Barclay's Bank of New York v. Ivler,20 Conn. App. 163, 166-67, cert. denied, 213 Conn. 809 (1989). FirstNational Bank of Chicago v. Luecken, 66 Conn. App. 606, 612 (2001).
The implication of the above quote from Barclay's Bank of New York v.Ivler, supra, is that a court may reopen a foreclosure judgment after title has vested for lack of its jurisdiction to have rendered it. In the analogous situation existing under §§ 52-212 and 52-212a that normally CT Page 2353 limit the court's authority to open judgments to a four-month period, the Supreme Court has said, "these statutes do not preclude the opening of a default judgment that is rendered without jurisdiction over a defendant."Wilkinson v. Boats Unlimited, Inc., 236 Conn. 78, 83 (1996). InCenterbank v. Mauri, CV 96-0252134, Judicial District of New Haven at Meriden (Jan. 9, 1997, DiPentima, J.), 18 Conn.L.Rptr. 406, the court specifically opened a foreclosure judgment after title vested in the mortgagee, on the grounds the court lacked jurisdiction over one of the defendants. See also Federal National Mortgage Ass'n. v. Osterberg, CV 33-334312, Judicial District of Fairfield at Bridgeport (Feb. 8, 1999, Ballen, J.).
Here, defendant's claim that he (then acting pro se) did not receive notice of the hearing on plaintiff's motion for judgment and of the entry of judgment against him does not raise a jurisdictional issue. In any event the court heard extensive evidence on this issue and concluded that the defendant had, in fact, received notice of both the date of the judgment hearing and of the entry of judgment. Thus, there was no lack of due process or fairness in the rendering of the foreclosure judgment.
In New Milford Savings Bank v. Jajer, 244 Conn. 251 (1998), the Supreme Court permitted a foreclosure judgment to be reopened after title had vested to correct an inadvertent omission in the foreclosure complaint. The court did so in exercise of its equitable powers "in order that complete justice be done," Hartford Federal Savings Loan Assn. v.Lenczyk, 153 Conn. 457, 463 (1966), and based it on its construing the purpose of § 49-15 to be "not to limit the mortgagee from further pursuit of its newly vested property rights but rather to prohibit the mortgagor from subsequent challenges to the enforceability of the mortgagee's property rights." New Milford Savings Bank v. Jajer, supra, p. 260.[2]
Courts of equity may also grant relief from the operation of a foreclosure judgment, even after title has vested, when the provisions of § 49-15 have been waived, Crane v. Loomis, 128 Conn. 697, 700
(1942), when enforcement is against equity or good conscience, and when the mortgagor had no opportunity to make a defense, or was prevented from doing so by fraud, accident, mistake, and without fault or negligence on his part. Hoey v. Investors' Mortgage Guaranty Co., 118 Conn. 226,220 (1934).
Similarly, courts have interpreted § 52-212a to vest it with the power to reopen a judgment four months after its entry upon a showing that the judgment was obtained by fraud, duress, accident, or mistake. Kim v.Magnotta, 49 Conn. App. 203, 209 (1998); Solomon v. Keiser, CT Page 235422 Conn. App. 424, 427 (1990). Such a power of the court is "regarded as inherent and independent of statutory provisions authorizing the opening of judgments." Kenworthy v. Kenworthy, 180 Conn. 129, 131 (1980).
In the instant case, the defendant does not claim fraud, duress, accident or mistake in the rendering of the judgment. But he does claim a violation of Practice Book § 32(b)[3] in that the judgment was entered less than fifteen days after the defendant was defaulted for failure to plead.
In Bonner v. American Financial Marketing Corporation, 181 Conn. 57
(1980), the Supreme Court held that in an action on a promissory note such a violation justified reopening a default judgment. That case is distinguishable from the instant case on the bases that it did not involve the reopening of a foreclosure judgment nor was reopening sought after title had vested in the mortgagee.
Plaintiff counters by arguing that Practice Book Section 17-33 (b) applies. That section provides:
 Since the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned, the judicial authority, at or after the time it renders the default, may also render judgment in foreclosure cases.
In construing these two Practice Book sections, §§ 17-32 (b) and 17-33 (b), the court must determine whether "default" in Section 17-33 (b) refers to default for failure to appear for trial, as in Section 17-33
(a),[4] default for failure to plead, as in Section 17-32 (a), or default for any reason. The language of Section 17-33 (b) ("since the effect of a default is to preclude the defendant from making any further defenses in the case so far as liability is concerned . . . ") is so general that it leads to the conclusion that "default" in that section includes a default entered for any reason.[5]
Thus, the court construes Section 17-33 (b) to mean that in a foreclosure action after a court enters a default against a party for any reason, it may forthwith enter a judgment. It is important to note that has been the practice of Superior Courts throughout the state long before the clarifying amendment to Section 17-33 (b) became effective on January 1, 2003.
However, even if this court is wrong in its construction of Section 17-33
(b), there is still the question whether or not a violation of that section justifies opening a foreclosure judgment after title has become CT Page 2355 absolute in an encumbrancer. The inherent equitable power of the court to correct for fraud, duress, accident or mistake in the rendering of a judgment relate to circumstances where the defendant has been deprived of the opportunity to put on a defense, and equity and good conscience will not allow the judgment to stand. The power cannot be evoked upon the procedural error that defendant was not given fifteen days between the entry of a default for failure to plead and of a foreclosure judgment. Particularly, is that so when in the instant case the court finds the defendant had notice of the hearing for judgment and negligently failed to act to protect his interest in the property.
Moreover, the public policy expressed in § 49-15 that a foreclosure judgment shall not be opened after title vests is crystal clear and serves the public interest of assuring that good title passes through the foreclosure process. After intensive research, other than when there has been a finding of lack of jurisdiction or waiver of § 49-15, this court has found only one case, New Milford Savings Bank v. Jajer, supra, reopening a foreclosure judgment after title vested. As to that case, the Appellate Court noted in First National Bank of Chicago v. Luecklin,66 Conn. App. 606, 614 (2001), "The circumstances of Jajer are unique and the court's holding is limited. Section 49-15 and the case law thereunder make it clear that a court may not open a judgment of strict foreclosure once title has vested." Thus only the most compelling reason justifies deviating from that statutory mandate. Violation of Practice Book §17-32(b) (if it was violated here) is not one of them.
Based on the foregoing, the defendant's motion to open the foreclosure judgment is denied.
BY THE COURT
 Robert Satter Judge Trial Referee